**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KEVIN DUKES** | **CIVIL ACTION NO.** |
| **VERSUS** | |
| | **25-76-SDD-EWD** |
| **SIDNEY GAUTREAUX, ET AL.** | |

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on September 30, 2025.

                                               */s/ Erin Wilder-Doomes*

                                          **ERIN WILDER-DOOMES**
                                          **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEVIN DUKES                                                                  CIVIL ACTION NO.

VERSUS

                                                                             25-76-SDD-EWD

SIDNEY GAUTREAUX, ET AL.

**MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER**

Before the Court is the Verified Amended Complaint with Supporting Affidavit, Memorandum, Proposed Order and Criminal Referral ("Amended Complaint") of Kevin Dukes ("Dukes"), who is representing himself and proceeding without prepaying the filing fee (*in forma pauperis* or "IFP").[1] Based on the screening process for such complaints provided for in 28 U.S.C. § 1915(e), it is recommended that all Dukes' claims against Judge Carson Marcantel be dismissed with prejudice on the basis of judicial immunity; that Dukes' claims against the Lafayette Parish Sheriff's Office ("LPSO") be dismissed with prejudice because LPSO lacks legal capacity to be sued; and that Dukes' claims against East Baton Rouge Parish Sheriff Sidney J. Gautreaux, III, ("Gautreaux") be dismissed without prejudice for failure to state a claim. It is further recommended that Dukes' remaining claims against the unnamed Assistant District Attorneys, Clerks of Court, and LPSO deputies be severed and transferred to the United States District Court for the Western District of Louisiana ("Western District").[2] In light of the recommendations for dismissal of certain claims and for transfer of any remaining claims in this case, it is ordered that

---

[1] R. Doc. 9. Documents filed in the record of this case are referred to as "R. Doc. __."

[2] On the same day that he filed this case, Dukes filed a complaint and Amended Complaints alleging similar claims against some of the same defendants, the Lafayette Parish Sheriff's Office and its deputies, in the Western District. *See Dukes v. Garber, et al.*, Civil Action No. 25-97 (W.D. La.) (the "Western District proceeding"), *see* R. Docs. 1, 5, 17 on that docket. On September 23, 2025, the Western District adopted the recommendation of the Magistrate Judge and dismissed that case with prejudice as frivolous and for failure to state a claim. *See* R. Docs. 18-20 of that docket.

Dukes' Motion to Order Issuance of Summons, and similar Motion to Overrule Requirement for Judge's Order and Compel Issuance of Summons, be terminated without prejudice to re-urging in the Western District if this Report and Recommendation is adopted, or re-urging in this Court if the Report and Recommendation is rejected.[3]

I. **BACKGROUND**

On January 27, 2025, Dukes filed his original Complaint in this Court against several defendants, including Gautreaux, alleging claims under 42 U.S.C. § 1983 and Louisiana state law[4] arising out of Dukes' arrest, related injuries, and pre-trial detention. Dukes was permitted to proceed IFP, but the Clerk of Court was ordered to withhold service so the case could be screened pursuant to 28 U.S.C. § 1915(e).[5] Despite that Order, Dukes filed a Motion to Order Issuance of Summons[es] to the originally named defendants.[6] Dukes then filed the current Amended Complaint,[7] which re-names Gautreaux as a defendant, and newly adds LPSO, unnamed "Assistant District Attorneys ["ADAs"] and Clerks of Court involved in issuing and enforcing the illegal warrant," unnamed LPSO deputies, and Judge Carson Marcantel ("Judge Marcantel") of the

---

[3] R. Docs. 7, 10.

[4] The original Complaint alleged subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over the § 1983 claim and 28 U.S.C. § 1367 supplemental jurisdiction over the state law claims. R. Doc. 1, ¶ 12. Diversity jurisdiction was not alleged nor adequately pleaded.

[5] R. Doc. 5.

[6] R. Doc. 7.

[7] With one exception noted below, the allegations of the Amended Complaint refer to events that occurred before the filing of the original Complaint and are, therefore, amended (not supplemental) allegations. *See, e.g., Bobby's Country Cookin' LLC v. Waitr Holdings, Inc.,* No. 19-552, 2020 WL 97391, at *1 (W.D. La. Jan. 7, 2020) ("Amended pleadings relate to events that occurred before a pleading is filed, supplemental pleadings relate to events that occurred after. *Id.* (citing 6C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1504 (3rd ed.)).") and, *e.g.*, *Smith v. J.P. Morgan Chase Bank N/A,* No. 10-3730, 2011 WL 11196, at *1 (S.D. Tex. Jan. 3, 2011) ("The Supplement does not refer to actions occurring after the original complaint was filed. As a result, it appears to be in the nature of an 'amended complaint' under Federal Rule of Civil Procedure 15(a), rather than a 'supplemental complaint" under Rule 15(d)."). Fed. R. Civ. P. ("Rule") 15(a) provides that a party may amend its pleading once as a matter of course, and without having to seek leave of Court, no later than: "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Nineteenth Judicial District Court for the Parish of East Baton Rouge.[8] Notably, the Amended Complaint did not specifically adopt or incorporate by reference the original Complaint and Dukes specifically states that he is filing the Amended Complaint to "consolidate all relevant facts, constitutional claims, procedural violations, and related actions."[9] As such, the Amended Complaint "rendered the original complaint of no effect…"[10] and "entirely superseded and took the place of the original complaint."[11]

The Amended Complaint primarily centers around Dukes' claim of wrongful arrest in Lafayette Parish based on a "fraudulent" warrant issued by a clerk (presumably, one of the unnamed Clerks listed as a defendant), for a missed court date in November 2022. During that arrest, Dukes claims that he was shot by an LPSO deputy. Dukes admits that he has already asserted these claims in a Western District case.[12] As a result of the arrest, Dukes' bond was

---

[8] R. Doc. 9, p. 2. The Amended Complaint also references the State of Louisiana, the Governor of Louisiana, the Louisiana Attorney General, the United States Attorney General ("USAG"), and the Clerk of Court for the Nineteenth Judicial District Court as "parties" and/or "public officials." However, Dukes does not assert any substantive claims against these defendants; rather, Dukes states these defendants are named in the Amended Complaint for the purpose of giving them notice of his constitutional claims and/or for "criminal referral" purposes. R. Doc. 9, pp. 2, 4. Dukes' request for the Court to provide "notification" of Dukes' claims to these parties pursuant to Rule 5.1 (R. Doc. 9, p. 5) is not warranted because Rule 5.1 notice is required only when a party *challenges the constitutionality* of a federal or state statute, which Dukes has not done here.

[9] R. Doc. 9, introductory para.

[10] *Raskin on behalf of JD v. Dallas Indep. Sch. Dist.,* 69 F.4th 280, 282, n. 1 (5th Cir. 2023).

[11] *Clark v. Tarrant County, Texas*, 798 F.2d 736, 740 (5th Cir. 1986)(citations omitted), and *see Raskin on behalf of JD,* 69 F.4th at 282, n. 1 ("Although we construe Raskin's *pro se* pleadings liberally, *see SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993), we cannot say that her amended complaint 'specifically refers to and adopts or incorporates by reference' the original complaint, *King*, 31 F.3d at 346."). *See also Foster v. Jayden Hosp., LLC,* No. 20-359, 2021 WL 4498558, at *3 (M.D. La. Sept. 14, 2021), report and recommendation adopted, No. 20-359, 2021 WL 4497482 (M.D. La. Sept. 30, 2021) (Dick, C.J.) ("[A]s [the *pro se*] Plaintiff's Amended Complaint does not incorporate any previous Complaints, said Amended Complaint supersedes any prior filings and is now the only operative Complaint in this case."). Prior to Dukes' filing ("Notice") of the current Amended Complaint, Dukes filed an *in globo* "Notice of Judicial Delay and Request for Clarification" which included a Motion for Leave to File Second Amended Complaint and an improperly formatted and combined "Affidavit of Truth and Complaint for Criminal Violations of Civil Rights Under Color of Law," (among other documents), which was never separately docketed as an active complaint. *See* R. Doc. 8 (*in globo*). Even if it had been, all prior complaints are superseded by the current Amended Complaint.

[12] R. Doc. 9, pp. 2-3. As noted, above, the Western District case was recently dismissed.

3

revoked in February 2023, and he was detained "without a valid judicial order" until his trial concluded on August 2, 2024. Thereafter, Dukes contends that Judge Marcantel failed to enforce an order of Louisiana's Court of Appeal for the First Circuit ("First Circuit"), which Dukes says ordered the return of Dukes' seized property and a bond payment.[13] Dukes additionally alleges that the defendants committed criminal acts, and he seeks a referral of those claims to the United States Department of Justice ("DOJ") and the United States Attorney General for criminal investigation and prosecution.[14]

Dukes' "Claims for Relief" are (1) a § 1983 claim denoted "Deprivation of Civil Rights," with an additional § 1983 reference in the introduction to "Denial of due process and procedural protections in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments;" (2) a 42 U.S.C. § 1985(3) claim denoted "Civil Rights Conspiracy;" (3) a 42 U.S.C. §1986 claim denoted "Failure to Prevent Civil Rights Violation;" (4) an "Eighth Amendment Violation (Excessive Force and Unlawful Detention);" and (5) "State Constitutional Violations and Tort Claims (False imprisonment, IIED)."[15] None of these causes of action contain allegations against specific defendants (some of which are unidentified, *e.g.*, the LPSO deputies). For that reason, alone, the

---

[13] R. Doc. 9, pp. 1-3 (construing the Introduction and Factual Background sections together). *See* the transcripts of two hearings before Judge Marcantel regarding this claim at R. Doc. 8, pp. 12-51.

[14] Referral of criminal activity to the DOJ is not an available form of relief in this civil proceeding. S*ee McCalley v. Boyle,* No. 21-66, 2021 WL 2583065, at *2 (N.D. Tex. Apr. 1, 2021), report and recommendation adopted, No. 21-668, 2021 WL 2581415 (N.D. Tex. June 22, 2021) ("'There is no federal constitutional right to compel an investigation,' or to have someone prosecuted for criminal wrongdoing,") (citing *Starrett v. City of Richardson, Tex.*, 766 Fed. Appx. 108, 111 (5th Cir. 2019) (per curiam)). Dukes must contact appropriate law enforcement entities to report criminal activity. Additionally, Dukes is advised that he does not have a private right action to enforce criminal statutes. *See Gill v. State of Texas*, 153 Fed.Appx. 261, 262-63 (5th Cir. 2005) ("[D]ecisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, Gill has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute …. Therefore, the district court did not abuse its discretion when it dismissed these claims as legally frivolous.") (citations omitted).

[15] R. Doc. 9, p. 3 and *see* the Introduction at *id.,* pp. 1-2.

4

Amended Complaint is a deficient shotgun pleading, which is subject to dismissal.[16] In connection with these shotgun claims, Dukes seeks injunctive relief, including enforcement of the First Circuit's alleged order, compensatory damages, punitive damages, and issuance of summonses.[17]

## II.  LAW AND ANALYSIS

### A. Standard of Review on Dismissal Pursuant to § 1915

28 U.S.C. § 1915(e) ("§ 1915(e)") authorizes this Court to dismiss an action by any plaintiff who has been granted IFP status, if the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.  The statute is intended to afford the court the ability early in the case to separate those claims that may have merit from those that lack a basis in law or in fact.  Dismissal may be made before service of process or before any defendant has answered.

To determine whether a complaint fails to state a claim under § 1915(e), courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[18]  This means the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[19] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[20]  "A claim has facial plausibility when

---

[16] *See Garig v. Travis*, No. 20-654, 2021 WL 2708910, at *17 (M.D. La. June 30, 2021) (dismissing several claims that violated Rules 8(a)(2) and 10(b) because they were shotgun pleadings that failed to give the defendants notice of the claims against them and the grounds upon which each claim rested, and explaining that "shotgun pleadings" are imprecise complaints that fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests," including "a complaint that…is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action… and [a complaint] asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.") (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).  Here, the majority of the Amended Complaint does not adequately plead which defendant committed which alleged act, or which claim is being raised against which defendant.

[17] R. Doc. 9, p. 5.

[18] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 12(b)(6)).

[19] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] For a complaint to survive dismissal, it "must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim."[22]

While the screening process gives the court the rare power to 'pierce the veil' of the factual allegations,[23] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[24] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[25] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[26]

### B. The Amended Complaint Fails to State a Claim Against Judge Marcantel Because He is Entitled to Absolute Judicial Immunity

The only claim in the Amended Complaint that may have arisen after the filing of the original Complaint is Dukes' newly alleged claim that Judge Marcantel failed to enforce an Order of the First Circuit,[27] which Dukes contends "order[ed] the return of Plaintiff's seized property."[28]

---

[21] *Id.*

[22] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).

[23] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

[24] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

[25] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[26] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

[27] The Amended Complaint does not identify the dates of Judge Marcantel's alleged failure to enforce the First Circuit's Order. However, Dukes is complaining about Judge Marcantel's rulings during hearings that occurred in the summer of 2025 based on hearing transcripts attached to Dukes' Notice, which involve Dukes' attempts to retrieve his seized property. R. Doc. 8, pp. 12-51.

[28] R. Doc. 9, pp. 2-3.

However, this claim is futile, as Judge Marcantel has judicial immunity.[29] "It has long been held that 'judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'"[30] "The United States Supreme Court has explained: 'Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial.'"[31] "Further, judicial immunity is applicable in cases such as the instant one where civil rights violation are alleged."[32] "A judge's actions are protected by absolute judicial immunity, which is overcome in only two scenarios: (a) where the actions are 'not taken in the judge's judicial capacity' or (b) where they are "taken in the complete absence of all jurisdiction."[33]

Dukes has not alleged, much less shown, that either of these two scenarios overcome Judge Marcantel's judicial immunity in this case. All of Dukes' claims against Judge Marcantel rest solely on the judge's alleged failure to enforce a First Circuit Order, which is an alleged failure to act by Judge Marcantel during judicial proceedings, *i.e.,* while Judge Marcantel acted in his

---

[29] *Mangwiro v. Napolitano,* 939 F.Supp.2d 639, 648 (N.D. Tex. 2013), aff'd sub nom*., Mangwiro v. Johnson,* 554 Fed.Appx. 255 (5th Cir. 2014) ("When determining whether to allow supplementation under Rule 15(d), a court must weigh several factors: (1) undue delay, bad faith or dilatory motive on part of the movant; (2) undue prejudice to the opposing party; and (3) **futility**.") (emphasis added).

[30] *Martin v. Dufresne,* No. 14-1339, 2014 WL 3867267, at *5 (E.D. La. Aug. 5, 2014).

[31] *Martin,* 2014 WL 3867267, at *5, citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam)

[32] *Martin*, 2014 WL 3867267 at *5, citing *Stump v. Steward*, 435 U.S. 349, 356 (1978) and *Pierson v. Ray*, 386 U.S. 547, 554–55 (1967).

[33] *Morrison v. Walker*, 704 Fed.Appx. 369, 372–73 (5th Cir. 2017), citing *Mireles*, 502 U.S. at 11–12; and *see McCoy v. Bogan*, No. 20-388, 2022 WL 4492781, at *7 (M.D. La. Sept. 9, 2022), report and recommendation adopted, No. 20-388, 2022 WL 4490159 (M.D. La. Sept. 27, 2022) ("This absolute immunity…applies to 'bar[ ] both [Plaintiff's] federal and state law claims,' *Sharp v. Palmisano*, 2013 WL 5969661, at *4 (E.D. La. Nov. 8, 2013) (judicial immunity bars state law claims under Louisiana law).").

judicial capacity.³⁴ Judge Marcantel also had jurisdiction over Dukes' criminal judicial proceedings, and was under an order from the First Circuit to "move toward disposition" of Dukes' Motion for Return of Property and Refund of Bonds, filed in his state criminal proceeding.³⁵ "Further, it is of no moment that [Dukes] disagrees with the judges' actions."³⁶ As such, all Dukes' claims against Judge Marcantel should be dismissed with prejudice, and Judge Marcantel should be terminated from this case.³⁷

### C. The Amended Complaint Fails to State a Claim Against the LPSO Because it Lacks Capacity to Be Sued

As Dukes has already been informed by the Western District,³⁸ all Dukes' claims against LPSO must be dismissed because LPSO does not have the capacity to be sued, which is determined

---

³⁴ R. Doc. 9, p. 2, and *see* p. 3 ("Despite a ruling by the Louisiana First Circuit Court ordering the return of Plaintiff's seized property and bond, officials including Judge Marcantel failed to enforce the order."), R. Doc. 8, pp. 52-54 (Dukes' "Motion for Return of Property and Refund of Bonds," filed in his state criminal proceeding) and *see Morrison,* 704 Fed.Appx. at 373 ("To determine whether an action is within a judge's judicial capacity, an evaluation of four factors is necessary: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity."). Here, all four factors are satisfied.

³⁵ *See* the transcripts of two hearings before Judge Marcantel regarding Dukes' "Motion for Return of Property and Refund of Bonds" at R. Doc. 8, pp. 12-51 and *see,* in particular, pp. 20, 27, 37-39, 44 (counsel noting during the hearing that the First Circuit's Order, which granted Dukes' writ, stated: "The District Court is ordered to move towards disposition of [Dukes'] Motion to Return Property and Return Bonds)," and pp. 45-46 (Judge Marcantel noting: "I believe that I have I satisfied the order that I was under from the First Circuit, and I have truly tried to provide to you the most immediate relief that you have requested.").

³⁶ *McCalley,* 2021 WL 2583065, at *2 citing *Mireles,* 502 U.S. at 9-10*,* and *see id.* at 11 ("judicial immunity is not overcome by allegations of bad faith or malice").

³⁷ To the extent Dukes intends to bring an action against Judge Marcantel for judicial misconduct (R. Doc. 9, p. 2), a federal civil lawsuit is not the proper mechanism. The Louisiana Judiciary Commission has the power to recommend a state court judge to the Louisiana Supreme Court for disciplinary action. La. Const. Art. V, § 25.

³⁸ *See Dukes v. Garber, et al.,* No. 25-97 (W.D. La. May 28, 2025), R. Doc. 14, pp. 4-5 ("Plaintiff has named the Lafayette Parish Sheriff's Office as a defendant. In Louisiana, 'a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action.' *Adams v. Police Dep't of Kaplan*, 2025 U.S. Dist. LEXIS 35472, at *4 (W.D. La. Jan. 24, 2025) (citing *Francis v. Terrebonne Par. Sheriff's Office*, No. 08-4972, 2009 U.S. Dist. LEXIS 114805, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009) (citing *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002)). The State of Louisiana grants no such legal status to any law enforcement office or department. *Liberty Mut. Ins. Co. v. Grant Par. Sheriff's Dep't,* 350 So. 2d 236, 238 (La. App. 3d Cir. 1977). Further, the Sheriff's Office is not a 'person' for purposes of § 1983 liability. *Calhoun v. Sanderson,* No. 01-3765, 2003 U.S. Dist. LEXIS 4620, 2003 WL 1595088, *5 (E.D. La. Mar. 25, 2003) (citation omitted); *Creppel v. Miller,* No. 92-2531, 1993 U.S. Dist. LEXIS 792, 1993 WL 21408, *1 (E.D. La. Jan. 22, 1993) (citation omitted).").

by Louisiana law.[39] "42 U.S.C. § 1983, the statute upon which [Plaintiff's] claims are based, creates a cause of action against '[e]very *person* who, under color of any [state law] ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution.' Only a 'person' may be sued for violation of an inmate's constitutional rights."[40] "[A] prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term."[41] As explained by the United States Court of Appeals for the Fifth Circuit, whose opinions are binding on this Court, "Louisiana sheriffs are juridical entities that can be sued, but Louisiana sheriff's offices are not."[42] Dukes' claims against the LPSO should be dismissed with prejudice because they lack a legal basis, and LPSO should be terminated from this case.[43]

---

[39] *State of Louisiana, By & Through its Div. of Admin. v. I3 Verticals Inc.,* 81 F.4th 483, 487 (5th Cir. 2023) ("State law determines whether a local government entity… is a person capable of suit. Under the Federal Rules, an entity's '[c]apacity to sue or be sued is determined ... by the law of the state where the court is located.' Fed. R. Civ. P. 17(b)(3). *See Edmiston v. Louisiana Small Business Development Center*, 931 F.3d 403, 406 (5th Cir. 2019) ("[T]he capacity of an entity which is neither an individual nor a corporation to be sued in federal court is determined by state law.") (other citations omitted).

[40] *James v. McDowell*, No. 22-551, 2023 WL 2942188, at *4 (M.D. La. Mar. 6, 2023), report and recommendation adopted, No. 22-551, 2023 WL 2938953 (M.D. La. Apr. 13, 2023) (Dick, C.J.), appeal dismissed, No. 23-30271, 2023 WL 7180605 (5th Cir. July 18, 2023) (dismissing § 1983 claims against the East Baton Rouge Parish Sheriff's Office with prejudice as frivolous pursuant to § 1915(e)).

[41] *James,* 2023 WL 2942188, at *4, citing *Cozzo*, 279 F.3d at 283 (sheriff's office not a legal entity capable of being sued, although Louisiana sheriffs may be sued in official capacity); *see also Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D. La. Sept. 13, 1988) ("[T]he Court finds that East Baton Rouge Parish Sheriff's office is not a legal entity which may be sued.").

[42] *See Edmiston v. Louisiana Small Bus. Dev. Ctr.,* 931 F.3d 403, 407 (5th Cir. 2019).

[43] *See, e.g., Skinner v. Ard,* No. 19-66, 2020 WL 699740, at *5 (M.D. La. Feb. 11, 2020) ("[T]o the extent the *Complaint* alleges a claim against the Livingston Parish Sheriff's Office, that claim is dismissed with prejudice.")(emphasis in original).

### D. The Amended Complaint Fails to State a Claim Against Gautreaux Because Plaintiff Does Not Allege Any Facts Against Gautreaux

"A *pro se* plaintiff's complaint 'must set forth facts giving rise to a claim on which relief may be granted.'"[44] Here, the Amended Complaint names Gautreaux as a defendant,[45] but does not allege that Gautreaux took any actions at all, much less personally took any actions against Dukes. Rather, the allegations center around the alleged illegal issuance of a warrant and subsequent arrest by LPSO deputies in Lafayette Parish, which do not appear to be related to Gautreaux, the Sheriff of East Baton Rouge Parish. Duke fails to state a claim against Gautreaux upon which relief can be granted because the Amended Complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[46] "A 'court is not required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs.'"[47] Because the Amended Complaint fails to allege any facts in support of a claim against Gautreaux, the claims against Gautreaux should be dismissed without prejudice and Gautreaux should be terminated from this case.[48] Here, further leave to amend is not warranted.

---

[44] *In re Wood,* No. 23-53-, 2025 WL 1606199, at *3 (M.D. La. Mar. 28, 2025), report and recommendation adopted, No. 23-53, 2025 WL 1787422 (M.D. La. June 27, 2025) (Dick, C.J.), citing *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).

[45] R. Doc. 9, p. 2, which is the only reference to Gautreaux.

[46] *Iqbal*, 556 U.S. at 678.

[47] *In re Wood,* 2025 WL 1606199, at *3 (citation omitted).

[48] While *pro se* plaintiffs are generally offered an opportunity to amend their complaints before dismissal, amendment is not required if the plaintiff has already pleaded his best case. *Brewster v. Dretke,* 587 F.3d 764, 768 (5th Cir. 2009). Furthermore, amendment "is not automatic and is within the sound discretion of the trial court… [and] though this Court recognizes the leniency frequently afforded to *pro se* plaintiffs, *Moawad v. Childs*, 673 F.2d 850, 851-52 (5th Cir. 1982), such leniency may not be warranted with regard to any litigant where, as here, there is evidence of substantial experience as a *pro se* litigant in numerous legal cases in this court alone."). *Trahan v. Deutsche Inv. Mgmt. Americas, Inc.,* No. 15-3039, 2016 WL 3913618, at *3 (E.D. La. July 20, 2016). Dukes is familiar with court rules, procedures, and pleading requirements as he has prosecuted a number of cases in this Court (*e.g.*, *Dukes v. Acadiana Mazda, et al.*, No. 22-794, (M.D. La.), *Dukes v. Manship Media Holdings, WBRZ LLC*, No. 25-78, (M.D. La.), *Dukes v. Georges Media, LLC et al.*, No. 25-82, (M.D. La.), *Dukes v. Sun Life Assurance Company of Canada,* No. 25-623 (M.D. La.), and *Dukes v. Ally Financial, Inc.,* No. 25-750 (M.D. La.)), as well as (at least) one in the Western District (*Dukes v. Garber, et al.,* No. 25-97 (W.D. La.)) and in the Nineteenth Judicial District Court and the First Circuit. *See, e.g.,* R. Doc. 8, pp. 12-51 (transcripts of the state court hearings where Dukes presented argument).

While pro se plaintiffs are generally given an opportunity to amend their complaints before dismissal, amendment is not required if the plaintiff has already pleaded his best case.[49] Furthermore, "amendment is not automatic and is within the sound discretion of the trial court… [and] though this Court recognizes the leniency frequently afforded to *pro se* plaintiffs, such leniency may not be warranted with regard to any litigant where, as here, there is evidence of substantial experience as a *pro se* litigant in numerous legal cases in this court alone."[50] Dukes is familiar with court rules, procedures, and pleading requirements as he has prosecuted a number of cases in this Court.[51] Additionally, Dukes has already filed two prior complaints in this case, and has also filed claims in the Western District that overlap with claims in this case, such that further amendments are not warranted.

### E. The Remaining Claims Should be Severed and Transferred to the Western District for the Convenience of the Parties and In the Interest of Justice

If the earlier recommendations in this Report are adopted, the only remaining claims in this case will be against the unidentified LPSO deputies, Assistant District Attorneys, and Clerks of Court involved in Dukes' arrest and alleged resulting injuries pursuant to a warrant issued and executed in Lafayette, Louisiana in the Western District. Notably, Dukes acknowledges that he

---

Additionally, Dukes has already filed two prior Complaints in this action and pleaded his best case, and further amendments are not warranted.

[49] *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

[50] *Trahan v. Deutsche Inv. Mgmt. Americas, Inc.*, No. 15-3039, 2016 WL 3913618, at *3 (E.D. La. July 20, 2016) (citations omitted).

[51] *See, e.g., Dukes v. Acadiana Mazda, et al.,* No. 22-794, (M.D. La.); *Dukes v. Manship Media Holdings, et al.*, No. 25-78, (M.D. La.); *Dukes v. Georges Media, LLC, et al.*, No. 25-82, (M.D. La.); *Dukes v. Sun Life Assurance Company of Canada*, No. 25-623 (M.D. La.); and *Dukes v. Ally Financial, Inc.*, No. 25-750 (M.D. La.), as well as (at least) one case in the Western District (*Dukes v. Garber, et al.,* No. 25-97 (W.D. La.)) and in the Nineteenth Judicial District Court and the First Circuit. *See, e.g.*, R. Doc. 8, pp. 12-51 (transcripts of the state court hearings where Dukes presented argument).

11

has already asserted these same claims against the LPSO deputies in the Western District case, which was filed on the same day as this case (though that case has since been dismissed).[52]

First, severing these claims is appropriate. Rule 18 of the Federal Rules of Civil Procedure is a broad joinder rule that allows parties to "join as many claims as it has against an opposing party." The official commentary of Rule 18 states, "it is emphasized that amended Rule 18(a) deals only with pleading," and "a claim properly joined as a matter of pleading need not be proceeded with together with the other claims if fairness or convenience justifies separate treatment."[53] Rule 20 of the Federal Rules of Civil Procedure permits joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and "any question of law or fact common to all defendants will arise in the action." Further, under Rules 18(a) and 20, if the claims arise out of the different transactions and do not involve all defendants, joinder should not be allowed.[54] In other words, in a multiparty case, if claims arise from different transactions and do not involve all defendants, joinder should not be allowed.[55] The court may also sever any claim against a party under Rule 21 of the Federal Rule of Civil Procedure. Courts have long recognized that Rule 21 "authorizes the severance of any claim, even without a finding

---

[52] R. Doc. 9, p. 2 and *see* p. 3 ("Plaintiff was shot by Lafayette Parish deputies while executing this unlawful warrant, which is the subject of a separate action in the Western District of Louisiana: *Dukes v. Garber*, Docket # 6:25-cv-00097-DCJ-CBW."). *See also Dukes v. Garber, et al.,* No. 25-97 (W.D. La. Jan. 27, 2025), R. Doc. 1, pp. 1-2 (original Complaint naming LPSO, the LPSO Sheriff, a named LPSO officer, and Doe defendant LPSO officers and further alleging that Dukes was arrested in Lafayette pursuant to an arrest warrant issued by the LPSO and was shot during the arrest) and *id.,* (W.D. La. Aug. 4, 2025) R. Doc. 17, (First Amended Complaint (substantially same, but naming Lafayette Parish instead of LPSO)).

[53] Fed. R. Civ. P. 18: Notes of Advisory Committee of Rule—1966 Amendment.

[54] *Shafer v. Davis*, No. 20-167, 2020 WL 6489094, at *5 (S.D. Tex. Nov. 4, 2020), citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).

[55] 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).

of improper joinder, when there are sufficient other reasons for ordering a severance."[56] Here, the claims are properly severed because Dukes' claims against the LPSO deputies, Assistant District Attorneys, and Clerks of Court involved in Dukes' arrest and alleged resulting injuries pursuant to a warrant issued and executed in Lafayette, Louisiana in the Western District are against different defendants and arise from different events than the other claims in this case.

Additionally, under the provisions of 28 U.S.C. §§ 1404(a),[57] a district court may, in the interest of justice and for the convenience of the parties, transfer a claim to any other district or division where it might have been brought. "[I]t is well-established that § 1404(a) 'transfers may be made *sua sponte*' by district courts,[58] and "[d]ecisions to effect 1404 transfers are committed to the sound discretion of the transferring judge…."[59]  Here, the Western District, Lafayette Division is a venue where this action could have originally been brought because it is a judicial district where the LPSO deputies likely reside and/or where a substantial part of the events and omissions giving rise to the claim occurred, *i.e.*, Plaintiff's arrest, the alleged issuance of the improper warrant, etc.[60] As the Western District encompasses the area where the alleged incidents regarding issuance of the improper warrant and the arrest took place, and as the majority of the evidence and witnesses are likely to be located there, it is a more convenient forum.[61] Thus, for

---

[56] *Saint Lawrence Commc'ns LLC v. Apple Inc.*, No. 16-82, 2017 WL 3712912, at *1 (E.D. Tex. July 12, 2017), citing *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2nd Cir. 1968).
[57] 28 U.S.C. § 1404(a) provides: **"**For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."
[58] *Pabtex, Inc. v. M/V ARUNA CENGIZ,* No. 24-84, 2025 WL 517740, at *3 (S.D. Tex. Feb. 18, 2025), citing *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).
[59] *Mills,* 886 F.2d at 761.
[60] *See* 28 U.S.C. § 1391(b)(1)-(2).
[61] This is particularly so considering Dukes' similar claims filed in the Western District, which that court is familiar with and has ruled on.

13

the convenience of the parties and witnesses, and in the interest of justice, it is recommended that the remaining claims in this case be transferred to the Western District.

### III. RECOMMENDATION

Under § 1915(e), Dukes' claims against Judge Marcantel should be dismissed with prejudice based on judicial immunity, his claims against the LPSO should be dismissed with prejudice because the LPSO lacks legal capacity to be sued, and his claims against Gautreaux should be dismissed without prejudice because they are entirely lacking in supporting facts. It is further recommended for the interest of justice and the convenience of the parties, Dukes' remaining claims against the unnamed Assistant District Attorneys, Clerks of Court, and LPSO deputies should be severed and transferred to the Western District because it is a more convenient forum.

Accordingly,

**IT IS RECOMMENDED** that all claims of Kevin Dukes against the following Defendants **DISMISSED WITH PREJUDICE:** against Judge Carson Marcantel because Judge Marcantel has absolute judicial immunity, and against the Lafayette Parish Sheriff's Office because that entity lacks legal capacity to be sued.

**IT IS FURTHER RECOMMENDED** that all claims of Kevin Dukes against East Baton Rouge Parish Sheriff Sidney J. Gautreaux, III be **DISMISSED WITHOUT PREJUDICE** because the Amended Complaint entirely fails to assert any facts to support a claim against Gautreaux.

**IT IS FURTHER RECOMMENDED** that Plaintiff Kevin Dukes' remaining claims against unnamed Assistant District Attorneys, Clerks of Court, and LPSO deputies be **SEVERED AND TRANSFERRED** to the United States District Court for the Western District of Louisiana,

Lafayette Division, as a more convenient forum and in the interest of justice pursuant to 28 U.S.C. § 1404(a).

**IT IS ORDERED** that the Motion to Order Issuance of Summons,[62] and the similar Motion to Overrule Requirement for Judge's Order and Compel Issuance of Summons,[63] filed by Plaintiff Kevin Dukes, be **TERMINATED WITHOUT PREJUDICE** to re-urging in the United States District Court for the Western District of Louisiana if this Report and Recommendation is adopted, or to re-urging in this Court if the Report and Recommendation is rejected.

Signed in Baton Rouge, Louisiana, September 30, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[62] R. Doc. 7.

[63] R. Doc. 10.