UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEVIN DUKES                                                              CIVIL CASE NO.

VERSUS

                                                                         25-76-SDD-EWD

SIDNEY GAUTREAUX, ET AL.

<u>ORDER</u>

On November 7, 2025, and after considering Kevin Dukes' ("Plaintiff") objections,[1] the Court adopted the Report and Recommendation of the Magistrate Judge, and dismissed all of Plaintiff's claims against Judge Carson Marcantel and against the Lafayette Parish Sheriff's Office with prejudice; dismissed all of Plaintiff's claims against East Baton Rouge Parish Sheriff Sidney J. Gautreaux, III without prejudice; and, transferred the remaining claims, if any, to the United States District Court for the Western District of Louisiana.[2] On November 12, 2025, Plaintiff appealed the November 7, 2025 Ruling and Order to the United States Court of Appeals for the Fifth Circuit, where it is pending.[3] The Clerk of Court transmitted the record on appeal to the Fifth Circuit on February 2, 2026 and February 26, 2026.[4] Now before the Court are four motions filed by Plaintiff post-appeal. These motions will be denied.[5]

The "Motion to Correct/Supplement the Record on Appeal (FRAP 10(e))"[6] ("Motion to Correct") was filed prematurely on December 1, 2025 *before* the record was prepared and

---

[1] R. Docs. 13-15.

[2] R. Doc. 17.

[3] R. Doc. 18, and *see* No. 26-30019, *Dukes v. Gautreaux*, (5th Cir. Nov. 15, 2025)

[4] R. Docs. 29-30.

[5] R. Docs. 22-23, 25 and 31. The motions do not seek dispositive relief and are not among the motions excepted in 28 U.S.C. § 636(b)(1)(A); therefore, the motions are resolved by direct ruling.

[6] R. Doc. 22.

certified mail # 9589 0710 5270 2540 7315 71

transmitted to the Fifth Circuit in February 2026. The Motion to Correct is also deficient to the extent it asks the Court to "certify/submit" seven listed items that are largely undescribed and undated; are not attached to the Motion to Correct; and, with one exception, are not identified by citations to the record.[7] Additionally, other than the "MDLA IFP text entry (Doc. 5)," which is a part of the record of this case, it is not clear that any of the other listed documents that appear to be evidence regarding Plaintiff's claims are in the Court record. Under Fed. R. App. P. 10, only the following items constitute the record on appeal: 1) the original papers and exhibits filed with the district court; 2) the transcript of proceedings, if any; and 3) a certified copy of the docket entries prepared by the district clerk. As it is not clear what documents Plaintiff seeks to have included in the appellate record or whether these documents are even in the record, the Motion to Correct is denied without prejudice to re-urging, as appropriate. Any reurged Motion must specifically include citations to the electronic docket sheet for any documents Plaintiff contends should be included in the appellate record.  If the documents were not filed in this Court, Plaintiff must seek relief at the Fifth Circuit under Fed. R. App. Proc. 10(e)(3).

The "Motion to Transmit Complete Record and Open Appeal,"[8] and "Motion for Copy of Record on Appeal and Certified Docket Sheet,"[9] will be denied as moot because the Clerk of Court has transmitted a copy of the entire record of this Court to Fifth Circuit and to Plaintiff, of which Plaintiff has acknowledged receipt.[10]

---

[7] R. Doc. 22 (seeking "certif[ication]" and/or submi[ssion] of, *e.g.,* an undated, undescribed mandate of the Louisiana First Circuit Court of Appeal directed to "Judge Smith," a July 3, 2025 transcript of "bench exchange," and minutes "showing no missed appearance for the FTA date," *etc.*).  The electronic record of this proceeding is available for Plaintiff to view in the Clerk's office through PACER.

[8] R. Doc. 25.

[9] R. Docs. 31.

[10] R. Docs. 29-30, 32-33.

The "Renewed Rule 27(b) Motion to Perpetuate Testimony Pending Appeal and Motion to Expedite"[11] ("Motion to Perpetuate") is not comprised of complete sentences and is difficult to discern. It appears that Plaintiff seeks depositions to  perpetuate the testimony of Mary Grace Erlingson (as to "bench input limiting bonds; EBRSO bond ledger; commercial policies"); Quoc-Huu Vincent Nguyen (as to "concurrence at bench; knowledge of minutes vs. FTA; commercial aspects if any"); the clerk of the Nineteenth Judicial District Court (as to "'issuance/ 'replacement' process; minutes custody; commercial fee authority"); the record custodian of the East Baton Rouge Parish Sheriff's Office and/or the Lafayette Parish Sheriff's Office (as to "warrant packets; commercial ledgers/accounts; vendor agreements"), and an unnamed "vendor custodian," (as to "telecom/commissary/medical/tow contracts; revenue-share terms").[12] Plaintiff alleges good cause for these depositions, as follows:

> **Good cause.** Material issues risk loss without prompt preservation: (i) mandate compliance vs. limitation of bond return; (ii) warrant sequence (judge-signed absconding; later **clerk-issued FTA** despite minutes); (iii) bond accounting; (iv) commercial contracts/fees relevant under *Clearfield* (commercial-only).[13]

Fed. R. Civ. P. 27(b) provides that, on written motion, the court where a judgment has been rendered may, if an appeal has been taken, permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court. The motion must show the name, address, and expected substance of the testimony of each deponent and the reasons for perpetuating the testimony. If the court finds that perpetuating the testimony may prevent a failure or delay of

---

[11] R. Doc. 23.

[12] R. Doc. 23, pp. 1-2.

[13] R. Doc. 23, p. 1 (emphasis in original).

justice, the court may permit the depositions to be taken and may issue orders like those authorized by Rules 34 and 35.[14]

Plaintiff's requests to depose the Nineteenth Judicial District clerk and records and vendor custodians do not sufficiently identify the proposed deponent, and the listing of each individual's expected testimony is not sufficiently detailed (or understandable); therefore, the Motion to Perpetuate does not comply with Rule 27(b). Furthermore, the explanation of "good cause" for the depositions is unintelligible and does not provide any explanation for why any of the requested testimony is needed to prevent a failure or delay of justice, and there are no other grounds apparent as to why they would be needed to prevent a failure or delay of justice. Plaintiff has not shown why any of the witnesses would be unavailable to testify in the future should further proceedings become necessary. Further, it is not clear that the Motion to Perpetuate was properly filed in this Court since certain of Plaintiff's claims were dismissed but others were transferred to the Western District of Louisiana. For these reasons, Plaintiff's Motion to Perpetuate will be denied.[15]

Accordingly,

**IT IS ORDERED** the "Motion to Correct/Supplement the Record on Appeal (FRAP 10(e)),"[16] filed by Plaintiff Kevin Dukes, which was prematurely filed before the record on appeal was prepared and which is procedurally deficient, is **DENIED WITHOUT PREJUDICE** to re-

---

[14] Fed. R. Civ. P. 27(b) and *Louisiana Real Est. Appraisers Bd. v. United States Fed. Trade Comm'n,* No. 19-214, 2020 WL 1817297, at *2 (M.D. La. Apr. 9, 2020).

[15] Plaintiff alternately requests an indicative ruling under Fed. R. Civ. P. 62.1 that the Court would grant the Motion to Perpetuate on limited remand. R. Doc. 23, p. 2. This Court has already considered a similar request and denied it. Specifically, the same date that Plaintiff filed the Motion to Perpetuate, he also filed a "Motion for Rule 62.1 Indicative Ruling Regarding Pending Rule 60(b)(d) Motion" ("Motion for Indicative Ruling") which sought an indicative ruling holding that the Court would grant Rule 60 relief from its November 7, 2025 Order, dismissing some of Plaintiff's claims (as noted above) and transferring the remainder. R. Docs. 21, 24. The Motion for Indicative Ruling references similar allegations and deponents as those asserted in the Motion to Perpetuate and was denied by the Court. R. Doc. 24.

[16] R. Doc. 22.

urging, as appropriate. If Plaintiff contends that he filed documents in this proceeding that were not included in the appellate record, he may re-file a motion to include the missing documents. However, any re-filed motion must refer to the missing documents using record citations ("R. Doc. __"). If the documents were not filed in this Court, Plaintiff must seek relief at the Fifth Circuit under Fed. R. App. Proc. 10(e)(3).

**IT IS FURTHER ORDERED** that the "Motion to Transmit Complete Record and Open Appeal"[17] and "Motion for Copy of Record on Appeal and Certified Docket Sheet,"[18] filed by Plaintiff Kevin Dukes, are **DENIED AS MOOT** because the Clerk of Court has transmitted a copy of the entire record on appeal to the Fifth Circuit and to Plaintiff.

**IT IS FURTHER ORDERED** the "Renewed Rule 27(b) Motion to Perpetuate Testimony Pending Appeal and incorporated Motion to Expedite,"[19] both filed by Plaintiff Kevin Dukes, are **DENIED** for lack of good cause.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail a copy of this Ruling and Order to Kevin Dukes via regular and certified mail, return receipt requested, at his address of record on PACER.

Signed in Baton Rouge, Louisiana, March 24, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[17] R. Doc. 25.

[18] R. Doc. 31.

[19] R. Doc. 23.